IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENOMIND, INC., on its own and on behalf
of United ERISA Insureds 1-878,

               Plaintiff,

v.

UNITEDHEALTH GROUP INC., et al. ,

               Defendant.

Civil Action No. 2:21-cv-00373-WB

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants UnitedHealth Group, Inc., United Healthcare Services, Inc., United Healthcare Insurance Company, United Healthcare Service, LLC, United Behavioral Health, UMR, Inc., Oxford Health Plans, LLC and Optum, Inc. (collectively, "United") hereby file this Answer to Plaintiff Genomind Inc.'s ("Genomind") First Amended Complaint. United responds to the allegations in Genomind's First Amended Complaint as follows:

1.     Denied in part; admitted in part.  United denies the allegations in this paragraph concerning the description of Genomind, including because United lacks information necessary to form a belief with respect to this allegation.  United admits that many of the health plans at issue in this case are governed by the Employee Retirement Income Security Act ("ERISA").

2.     Denied in part; admitted in part. United admits that insures and/or administers commercial health insurance plans, many of which are governed by ERISA. United denies the remainder of the allegations in this paragraph.

3.     Denied, including as a conclusion of law to which no response is required.

4.      Denied.

5.      Denied.

6.      Denied in part; admitted in part.  United admits only that Genomind is attempting to bring certain claims against it.  United denies the remainder of the allegations in this Paragraph.

7.      Denied in part; admitted upon information and belief in part.  United admits upon information and belief that Genomind's headquarters are located in King of Prussia, Pennsylvania.  United denies the remainder of this Paragraph because United lacks information necessary to form a belief with respect to the remaining allegations.

8.      Denied in part; admitted in part.  United admits that it is a Minnesota corporation. United denies the remainder of this Paragraph as containing conclusions of law to which no response is required.

9.      Denied in part; admitted in part.  Defendants United HealthCare Services, Inc., United HealthCare Insurance Company, United HealthCare Service LLC, United Behavioral Health, UMR, Inc., Oxford Health Plans, LLC, and Optum, Inc. are subsidiaries of UnitedHealth Group, Inc.  United denies the remainder of this Paragraph.

10.     Denied as a conclusion of law to which no response is required.

11.     Denied as a conclusion of law to which no response is required.

12.     Denied, including because United lacks information necessary to form a belief with respect to the allegations.

13.      Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

14.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

15.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

16.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

17.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

18.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

19.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

20.     Denied, including because United lacks information necessary to form a belief with respect to the allegations in this Paragraph.

21.     Denied.

22.     Admitted.

23.     United states that the cited order speaks for itself and, thus, no admission or denial is warranted.

24.     United states that the cited order speaks for itself and, thus, no admission or denial is warranted.

25.     United states that the cited order speaks for itself and, thus, no admission or denial is warranted.

26.     Denied in part; admitted in part. United admits that its benefit plans required prior authorization for certain types of laboratory testing and that Beacon contracted with United to manage the prior authorization process. United denies that receipt of prior authorization rendered the authorized service reimbursable or covered under United's plans. United denies the remaining allegations in this paragraph.

27.     Denied in part; admitted in part. United admits that United plans did not cover pharmacogenomics testing including the Genecept Assay. United states that its drug metabolism policy speaks for itself and, thus, no admission or denial is warranted as to that allegation. United lacks information necessary to form a belief with respect to the remaining allegations in this Paragraph.

28.     United lacks information necessary to form a belief with respect to the remaining allegations in this Paragraph.

29.     Denied.

30.     Denied in part; admitted in part.  United admits that it maintains certain written policies, which are documents that speak for themselves.  United denies characterizations of its written policies, including as conclusions of law to which no response is required.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

41.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

42.     Denied.

43.     Denied.

44.     Denied, including because United lacks information necessary to form a belief with respect to the remaining allegations.

45.     Denied in part; admitted in part. United admits that Genomind submitted an application to become a United in-network provider including submission of paperwork. United denies the remaining allegations.

46.     Denied.

47.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

48.     Denied.

49.     Denied in part; admitted in part. United admits only that it maintains certain written policies, which are documents that speak for themselves.  United denies characterizations of its written policies, including as conclusions of law to which no response is required.  United denies the remainder of the allegations contained in this Paragraph.

50.     Denied, including as conclusions of law to which no response is required.

51.     Denied.

52.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

53.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

54.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

55.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

56.     Denied, including because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

57.     Denied.

58.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

59.     Denied.

60.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

61.     Denied.

62.     Denied, including because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.  Further, to the extent this Paragraph refers to any writings, United denies any characterizations of such writings in this Paragraph.

63.     Denied.  Further, to the extent this Paragraph refers to any writings, United denies any characterizations of such writings in this Paragraph.

64.     Denied in part; admitted in part. United admits that prior authorization is not a guarantee of payment. United denies the remaining allegations in this Paragraph. Further, to the extent this Paragraph refers to any writings, United denies any characterizations of such writings in this Paragraph.

65.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

66.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

67.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

68.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

69.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

70.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

71.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

72.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

73.     Denied.

74.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

75.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

76.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

77.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

78.     Denied.

79.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

80.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

81.     Denied.

82.     Denied.

83.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

84.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

85.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

86.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

92.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

93.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

94.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

95.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

96.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

97.     Denied, except to the extent that the document referenced in this Paragraph speaks for itself.  United denies any characterizations of that writing in this Paragraph.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied as stated; admitted in part.  United admits that certain claims have been denied during the course of this dispute.  United denies any suggestion or assertion that such denials were incorrect or inappropriate.

104.    Admitted only to the extent that Genomind attached a list of certain claims to its First Amended Complaint.  United denies liability for payment of such claims.

105.    Admitted only to the extent that Genomind attached a list of certain claims to its First Amended Complaint.  United denies liability for payment of such claims.

106.    Admitted only to the extent that Genomind attached a list of certain claims to its First Amended Complaint.  United denies liability for payment of such claims.

107.    Admitted only to the extent that ERISA governs many of the claims at issue in this case. United denies the remaining allegations in this Paragraph.

108.    Denied, including because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

109.    Denied as containing conclusions of law to which no response is required.

110.    Denied as containing conclusions of law to which no response is required, except to the extent that the document referenced in this Paragraph speaks for itself.

111.    Denied.

112.    Denied as containing conclusions of law to which no response is required.  United further denies the allegation because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

113.    Denied as containing conclusions of law to which no response is required.

114.    Denied.

115.     Denied as containing conclusions of law to which no response is required. United further denies the allegation because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

116.     Denied as containing conclusions of law to which no response is required.  United further denies the allegation because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

117.     Denied, including as containing conclusions of law to which no response is required.

118.     Denied, including as containing conclusions of law to which no response is required.

119.     Denied, including as containing conclusions of law to which no response is required. United further denies the allegation because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

120.     Denied in part; admitted in part. United admits that certain of Genomind's claims were denied, in part, because of inappropriate use of POS 81. United denies the remainder of the allegations in this Paragraph.

121.     Denied in part; admitted in part.  United admits that the Centers for Medicare & Medicaid Services is a federal agency, operating within the U.S. Department of Health and Human Services.  United denies the remainder of the allegations in this Paragraph as consisting of conclusions of law to which no response is required.

122.     Denied, including as containing conclusions of law to which no response is required.

123. Denied, including as containing conclusions of law to which no response is required.

124. Denied, including as containing conclusions of law to which no response is required.

125. Denied in part; admitted in part. United admits that it believes that it is inappropriate for Genomind to use POS 81 under certain circumstances. United denies the remainder of the allegations in this Paragraph.

126. Denied, including as containing conclusions of law to which no response is required.

127. Denied.

128. Denied.

129. Denied, including as containing conclusions of law to which no response is required.

130. Denied, including as containing conclusions of law to which no response is required.

131. Denied, including as containing conclusions of law to which no response is required.

132. Denied, including as containing conclusions of law to which no response is required.

133. Denied, including as containing conclusions of law to which no response is required.

134. Denied, including as containing conclusions of law to which no response is required.

135.     Denied, including as containing conclusions of law to which no response is required.

136.     Denied, including as containing conclusions of law to which no response is required.

137.     Denied, including as containing conclusions of law to which no response is required.

138.     Denied.

139.     Denied, including as containing conclusions of law to which no response is required.

## COUNT I (Breach of Implied-in-Fact Contract)

140.     United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied in part; admitted in part. United admits that Genomind sought prior authorization for certain tests. United denies that obtaining prior authorizations means that those tests were covered or reimbursable. United denies the remaining allegations in this Paragraph.

145.     Denied, including as containing conclusions of law to which no response is required.

146.     Denied. United denies the allegation because United lacks information necessary to form a belief with respect to the allegations contained in this Paragraph.

147.    Admitted only to the extent that Genomind has submitted claims to United. United denies the remainder of the allegations in this Paragraph.

148.    Denied, including as containing conclusions of law to which no response is required.

149.    Denied, including as containing conclusions of law to which no response is required.

150.    Denied, including as containing conclusions of law to which no response is required.

151.    Denied, including as containing conclusions of law to which no response is required.

152.    Denied, including as containing conclusions of law to which no response is required.

153.    Denied, including as containing conclusions of law to which no response is required.

## COUNT II (Promissory Estoppel)

154.    United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

155.    Denied, including as containing conclusions of law to which no response is required.

156.    Denied.

157.    Denied, including as containing conclusions of law to which no response is required.

158.    Denied, including as containing conclusions of law to which no response is required.

159.    Denied, including as containing conclusions of law to which no response is required.

## COUNT III (Quantum Meruit)

160.    United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

161.    Denied, including as containing conclusions of law to which no response is required.

162.    Denied, including as containing conclusions of law to which no response is required.

163.    Denied, including as containing conclusions of law to which no response is required.

164.    Denied, including as containing conclusions of law to which no response is required.

165.    Denied, including as containing conclusions of law to which no response is required.

## COUNT IV (Unjust Enrichment)

166.    United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

167.    Denied, including as containing conclusions of law to which no response is required.

168.     Denied, including as containing conclusions of law to which no response is required.

169.     Denied, including as containing conclusions of law to which no response is required.

170.     Denied, including as containing conclusions of law to which no response is required.

171.     Denied, including as containing conclusions of law to which no response is required.

## COUNT V (Negligent Misrepresentation)

172.     United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

173.     Denied, including as containing conclusions of law to which no response is required.

174.     Denied, including as containing conclusions of law to which no response is required.

175.     Denied, including as containing conclusions of law to which no response is required.

176.     Denied, including as containing conclusions of law to which no response is required.

177.     Denied, including as containing conclusions of law to which no response is required.

178.     Denied, including as containing conclusions of law to which no response is required.

179.     Denied, including as containing conclusions of law to which no response is required.

180.     Denied, including as containing conclusions of law to which no response is required.

## **COUNT VI (Alleged Violations of ERISA, 29 U.S.C. 1132(a)(1)(B))**

181.     United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

182.     Denied, including as containing conclusions of law to which no response is required.

183.     Denied, including as containing conclusions of law to which no response is required.

184.     Denied, including as containing conclusions of law to which no response is required.

185.     Denied, including as containing conclusions of law to which no response is required.

186.     Denied, including as containing conclusions of law to which no response is required.

187.     Denied, including as containing conclusions of law to which no response is required.

188.     Denied, including as containing conclusions of law to which no response is required.

189.     Denied, including as containing conclusions of law to which no response is required.

190.    Denied, including as containing conclusions of law to which no response is required.

## COUNT VII (Alleged Violations of ERISA, 29 U.S.C. § 1132(a)(3)(A))

191.    United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

192.    Denied, including as containing conclusions of law to which no response is required.

193.    Denied, including as containing conclusions of law to which no response is required.

194.    Denied, including as containing conclusions of law to which no response is required.

195.    Denied, including as containing conclusions of law to which no response is required.

196.    Denied, including as containing conclusions of law to which no response is required.

## COUNT VIII (Alleged Violation of ERISA, 29 U.S.C. § 1132(a)(3)(B))

197.    United incorporates herein all of its above responses to Genomind's allegations, as if set forth at length.

198.    Denied, including as containing conclusions of law to which no response is required.

199.    Denied, including as containing conclusions of law to which no response is required.

200.    Denied, including as containing conclusions of law to which no response is required.

201.    Denied, including as containing conclusions of law to which no response is required.

202.    Denied, including as containing conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

United asserts the following Affirmative defenses without assuming the burden of proof on any Affirmative defense except as required by law.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Defendants.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust the applicable mandatory administrative remedies.

### Third Affirmative Defense

Plaintiff's claims are barred because it lacks standing to pursue claims under ERISA.

### Fourth Affirmative Defense

Plaintiff's claims are preempted in whole or in part by the Employee Retirement Income Security Act, 29 U.S.C. 1001 et seq.

### Fifth Affirmative Defense

Plaintiff's claims are barred on the grounds that United complied with its duties under ERISA and under the terms of the Plan.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or acquiescence.

### Seventh Affirmative Defense

Plaintiff's damages, if any, are subject to offset or recoupment.

### Eighth Affirmative Defense

Plaintiff has failed to mitigate its alleged damages.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the principle of waiver.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent no benefits are due to the members under the terms of the health plans at issue.

### Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent that United acted reasonably at all times and properly exercised discretion to interpret the terms of the Plans and adjudicate Plaintiff's claims for benefits, and that United's exercise of discretion was not arbitrary or capricious.

### Thirteenth Affirmative Defense

The Complaint is barred for lack of privity of contract.

### Fourteenth Affirmative Defense

United owed no legal, equitable, or contractual duty to Plaintiff.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred to the extent it failed to satisfy any prerequisites, conditions, or obligations that the Plans require in order to enforce rights and benefits under the terms of the Plans.

WHEREFORE, Defendant respectfully requests that the Court: (a) dismiss Plaintiff's claims with prejudice; (b) deny Plaintiff's prayers for relief; (c) award United the costs of this suit, including reasonable attorneys' fees; and (d) award United any other such relief as the Court may deem appropriate

## UNITED'S COUNTERCLAIM

UnitedHealthcare Insurance Company and United Healthcare Services, Inc. (collectively, "United") bring this Counterclaim against Genomind, Inc. ("Genomind"), and allege as follows:

## PARTIES

1.     Plaintiff UnitedHealthcare Insurance Company is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. UnitedHealthcare Insurance Company fully-insures and administers health plans.

2.     Plaintiff United Healthcare Services, Inc. is a corporation organized under the laws of the State of Minnesota, with its principal place of business in the State of Minnesota. United Healthcare Services, Inc. fully-insures and administers health plans.

3.     Genomind is a laboratory incorporated in Delaware and based in King of Prussia, Pennsylvania.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this Counterclaim because it raises a federal question under 28 U.S.C. § 1331, and this Court has venue pursuant to 28 U.S.C. § 1391, including because the incorrect payments at issue were made to Genomind, within this District.

## FACTUAL BACKGROUND

5.      United is a health services company that provides health care insurance, administration, and/or benefits to insureds or plan participants pursuant to a variety of benefit plans and policies of insurance, including group and individual health benefit plans, employer sponsored benefit plans, and government-sponsored benefit plans.

6.     United aims to provide the individuals covered by the benefit plans it insures and administers with comprehensive healthcare coverage at affordable costs, from well-qualified medical professionals, at professionally staffed and accredited medical facilities

7.     In its capacity as an insurer and as a claims administrator, United processes millions of health care claims per day, and is responsible for administering hundreds of millions of health care claims every year.

8.     United offers fully-insured health plans under which it agrees to pay for covered healthcare claims in return for the payment of premiums by plan members or their employers. United also acts as an administrator for self-funded, employer-established health plans, through which an employer pays for covered claims out of its own funds.

9.     United's health plans include covered benefits for "in-network" services. A healthcare provider is "in network" if it has a contract with United under which it agreed to provide covered services to United members, and United agreed to pay agreed-upon amounts for those services.

10.     A health plan may also have out-of-network benefits to cover a portion of the costs associated with receiving treatment from a provider that does not have a contract with United. Whether a member's plan includes out-of-network benefits is determined by the member or her or his employer.

11.     At all times relevant to this Counterclaim, Genomind has been out-of-network as it pertains to United. The amount that United is obligated to pay Genomind, if anything, is dictated by the terms of each individual health plan and United's incorporated payment policies (as opposed to a contract that United has with a provider or laboratory directly).

12.     Between at least May 15, 2015 and October 31, 2019, Genomind submitted thousands of claims for payment for pharmacogenomic panel testing that it allegedly performed for patients with United health benefit plans that are governed by ERISA. United issued payments of approximately $13,636, 202 million in connection with the claims submitted by Genomind to ERISA-government plans that United insures and/or administers.

13.     The alleged pharmacogenomic panel testing performed by Genomind during this time period, however, was not covered by the health plans administered by United and/or was otherwise an overpayment based on the terms of the relevant health benefit plans and the out-of-network benefits offered under each plan.

14.     Indeed, until October 31, 2019, United's health plans did not cover pharmacogenetic multigene testing panels, including Genomind's Genecept$^{TM}$ Assay as they were considered "unproven and/or not medically necessary for evaluating drug-metabolizer status." All of Genomind's pharmacogenetic testing billed to United prior to that date was not covered under United's health plans.

15.     The parties have agreed to, and the Court has entered, a protective order in this case that allows the parties to exchange claims information in a confidential matter.

16.     United is prepared to, and will, provide Genomind with a list of claims for which it issued payments to Genomind that were not authorized under the relevant health benefit plans. United, and its self-funded plans, are entitled to recover these funds.

## COUNT I
### VIOLATION OF ERISA SECTION 502(A)(3)

17.     United realleges all preceding paragraphs as if fully set forth herein.

18.     United acts as a claims administrator for certain health benefit plans governed by ERISA, 29 U.S.C. § 1001, et seq.

19.     United has been delegated by the plan administrator of each of the relevant ERISA governed health benefit plans at issue (the "ERISA Plans") the discretionary authority to review and decide on claims for benefits under the ERISA Plans.

20.     ERISA Section 502(a)(3) permits fiduciaries to enjoin any acts or practices that violate any provisions of the ERISA Plans, and to obtain other appropriate relief to redress such violations or enforce provisions of the ERISA Plans.

21.     United has also been authorized by the relevant plan sponsors and ERISA plans the authority to recover overpayments made to Genomind.

22.     United has standing to sue under ERISA § 502(a)(3) to obtain appropriate equitable relief and to enforce the terms of the ERISA Plans.

23.     Genomind engaged in improper and/or incorrect billing, which caused United to pay amounts in excess of the amounts owed under the terms of the ERISA Plans, and for services that are not covered under the terms of the ERISA Plans.

24.     The health benefit plans, by their terms, cover only medically necessary and covered services and require the return of overpayments and amounts that were erroneously paid.

25.     This includes seeking payment for pharmacogenetic testing prior to October 31, 2019 which was not covered under the terms of the health benefit plans at issue.

26.     In total, Genomind has received, and improperly refuses to return, more than $13 million.

27.     United seeks equitable restitution to cover the assets that Genomind has unlawfully obtained because of the conduct described herein.

28.     United seeks an Order imposing an equitable lien or constructive trust on the assets that Genomind received in the form of overpayments.

29.     United also seeks an Order restoring—individually and on behalf of the ERISA plans—the sums held in constructive trust Genomind.

PRAYER FOR RELIEF WHEREFORE, United respectfully requests judgment in its favor granting the following relief: a) actual and consequential damages in an amount to be determined at trial, plus interest; b) an order obligating Defendants to disgorge the proceeds of the receipt of overpayments; c) equitable relief, as described herein; e) an award of the Plaintiffs' costs, including reasonable attorney's fees, in accordance with contractual provisions and ERISA § 502(g)(1); and g) any other relief deemed just, proper, and/or equitable.

Dated: September 30, 2021          By:      */s/ Gregory S. Voshell*

                                              **ROBINS KAPLAN LLP**

                                              Gregory S. Voshell
                                              Bar Number: 208566
                                              399 Park Avenue, Suite 3600
                                              New York, NY 10022
                                              T: (212) 980-7400
                                              F: (212) 980-7499
                                              GVoshell@RobinsKaplan.com

                                              Jeffrey S. Gleason (admitted *pro hac vice*)
                                              Jamie R. Kurtz (admitted *pro hac vice*)
                                              Samia S. Young (admitted *pro hac vice*)
                                              800 LaSalle Avenue, Suite 2800
                                              Minneapolis, MN 55402
                                              T: (612) 349–8500
                                              F: (612) 339–4181
                                              JGleason@RobinsKaplan.com
                                              JKurtz@RobinsKaplan.com
                                              SYoung@ RobinsKaplan.com

                                              *Counsel for Defendants UnitedHealth Group, Inc.; United HealthCare Services, Inc.; United HealthCare Insurance Company; United HealthCare Service, LLC, United Behavioral Health; URM, Inc.; Oxford Health Plans, LLC; and Optum, Inc.*